Mr. J. Neil Nielsen Commissioner Office of Administration Room 125, State Capitol Building Jefferson City, Missouri 65101
Dear Mr. Nielsen:
This letter is in response to your request for an official opinion on the following question:
 "(1) Section 552.080, (1973 Supp.) provides for taxation of psychiatrist fees as costs in a criminal case. Section 552.080(1) states that these expenses shall be paid by the county, and Section 552.080(2) provides for the reimbursement of the county by the state. When is the state required to reimburse the county? Does such liability extend to the cost of commitment after acquittal?"
Section 552.080 directs the county to pay the taxed "[e]xpenses and fees for examinations, reports and expert testimony of physicians appointed by [a] court to examine the accused under Section 552.020 and 552.030, or as designated by the superintendent of a facility for the division of mental diseases to make such examination."[1]
Section 552.080 also directs the county to pay "expenses of the care and treatment in a state mental institution of any accused or defendant transferred under the provisions of Section 552.040 or 552.050."[2]
Section 552.080(2) provides for the reimbursement of the county when the state or defendant is liable for costs under the provisions of Chapter 550.
Section 550.020(1), (1969 Supp.) reads as follows:
 "In all capital cases in which the defendant shall be convicted, and in all cases in which the defendant shall be sentenced to imprisonment in the penitentiary, and in cases where such person is convicted of an offense punishable solely by imprisonment in the penitentiary and is sentenced to imprisonment in the county jail, workhouse or reform school because such person is under the age of eighteen years, the state shall pay the costs, if the defendant shall be unable to pay them, except costs incurred on behalf of defendant."
Section 550.040 reads as follows:
 "In all capital cases, and those in which imprisonment in the penitentiary is the sole punishment for the offense, if the defendant is acquitted, the costs shall be paid by the state; and in all other trials on indictments or information, if the defendant is acquitted, the costs shall be paid by the county in which the indictment was found or information filed, except when the prosecutor shall be adjudged to pay them or it shall be otherwise provided by law."
These two statutory sections set out the only circumstances under which the state is charged with the payment of costs in criminal cases. Note the following:
(1) It is clear that the state is not required to reimburse the county for the cost of mental examination or treatment until the case has been finally determined. Thus, where a defendant has been determined unfit to stand trial pursuant to Section 552.020 and has been committed to a mental institution pending trial, the state is not required to reimburse the county for the cost of such commitment until the case has been finally determined.
(2) If a defendant is convicted and is indigent,
the state shall be required to reimburse the county for the cost of mental examination if the crime for which the defendant is convicted is one of the offenses enumerated in Section 550.020(1).
(3) If a defendant is acquitted, the state is required to reimburse the county for the costs of psychiatric examinations if the crime is one for which the state would be required to pay costs generally under Section 550.040. If the defendant is acquitted on grounds of mental disease or defect and the crime is one for which the state is required to pay costs under Section 550.040, the state's liability extends to the cost of commitment. This was the holding of the Court of Appeals, Kansas City District, in the recent case of Robb v. Estate of Brown, 518 S.W.2d 729 (Mo.Ct.App. at K.C. 1974), transfer denied (March 10, 1975).
Note that in all situations the initial burden of paying these costs is to be borne by the county — the state's responsibility is limited to reimbursing the county where costs would ultimately be taxable against the state under Chapter 550.
Your next question is:
 "(2) Section 552.080 (1973 Supp.) allows the expense of conveying a prisoner to or from a correctional institution to a state mental hospital to be paid by the state. By the terms of this section or Section 57.290, Sub-section 5, may the state be taxed for the cost of transporting a defendant between a county jail and a state mental hospital?"
Although Section 552.080 allows the expense of conveying a prisoner to or from a correctional institution to be paid by the state, it is incorrect to assume that the term "correctional institution" embraces a county jail. The use of the term in the context of Chapter 552 implies a narrower definition. Reference may be made to Section552.050.1, RSMo Supp. 1975. There the law provides: "If the person in charge of any correctional institution has reasonable cause to believe that any inmate needs care in a mental hospital, he shall so certify to the division of classification and assignment. . . ." The division of classification and assignment, of course, is part of the state penal system. A similar directive appears at Section 552.050.2. Hence, if the state is to be required to pay the cost of transporting prisoners to and from county jails, the mandate must be found elsewhere than in Section 552.080.
Section 57.290.5, in relevant part, reads as follows:
 "The sheriff or other officer who shall take a person, charged with a criminal offense, from the county in which the offender is apprehended to that in which the offense was committed, or who may remove a prisoner from one county to another for any cause authorized by law, or who shall have in custody or under his charge any person undergoing an examination preparatory to his commitment more than one day for transporting, safekeeping and maintaining any such person, shall be allowed by the court, having cognizance of the offense, [certain prescribed compensation]. . . ."
Section 57.290.6, provides that "[t]hese costs shall be taxed as other costs in criminal procedure immediately after conviction of any defendant in any criminal procedure."
By the terms of this section, when a defendant is transported between a county jail and a mental hospital for purposes of pre-trial examinations — and is later convicted
— the costs of transportation may be taxed. However,we find no provision for taxation of transportationcosts when the defendant is acquitted and released — orwhen the defendant is acquitted on grounds of mental diseaseor defect and is committed to a mental hospital. Note that the statute only provides for taxation of these costs "after conviction."
Your next question is:
 "(3) How many days for boarding of a prisoner after the completion of a case are considered part of the case proper and chargable against the state by the City of St. Louis and all other counties?"
In a 1962 letter opinion to Charles Trigg, former Attorney General Eagleton observed that "the state is obligated to reimburse the City of St. Louis for the feeding expenses of prisoners, etc., up to a maximum of thirty days." Attorney General Eagleton's opinion was based on Section 57.290, RSMo 1959, which provided, in relevant part, that "[i]n cities having a population of two hundred thousand inhabitants or more, convicts shall be taken to the penitentiary not oftener than twice in any one month." In 1975, Section 57.290 was amended to read — again, in relevant part — that "[i]n cities having a population of two hundred thousand inhabitants or more, convicts shall be taken to the penitentiary as often as the sheriff deems necessary." The law further provides that "all persons, convicted and sentenced to imprisonment in the penitentiary at any term or setting of the court, shall be taken to the penitentiary at the same time, unless prevented by sickness or unavoidable accident."
Section 57.290 should be read in conjunction with Section 546.610 (1975 Supp.), which provides as follows;
 "Where any convict shall be committed to the division of corrections the clerk of the court in which the sentence was passed shall forthwith deliver a certified copy thereof to the sheriff of the county, who shall, without delay, either in person or by a general and usual deputy, cause such convict to be transported to a place designated by the director of the division of corrections and delivered to the keeper thereof." [Emphasis supplied.]
No time limit is provided for in either statutory section. For this reason, a reasonable time period may be presumed to have been intended by the legislature.
Since there have been significant amendments to the statute upon which the 1962 opinion was based, that letter opinion is hereby withdrawn.
Yours very truly,
 JOHN C. DANFORTH Attorney General
[1] Section 552.020 provides for the examination of criminal defendants to determine their fitness to stand trial. Section 552.020(7) provides for the commitment of defendants to mental hospitals pending institution of criminal proceedings. Section 552.030(4) provides for examination of defendants who plead mental disease or defect.
[2] Section 552.040 provides for the commitment of defendants acquitted by reason of mental disease or defect. Section 552.050 provides for transfer to a state mental hospital when the person in charge of any correctional institution believes that an inmate needs the custody, care and treatment which can only be provided by a mental hospital.